718 P.2d 1220

**In the Matter of Ronald J. VOGT, Claimant-Appellant,**

v.

**WESTERN GENERAL DAIRIES, INC., Employer,**

**and**

**Argonaut Northwest Insurance Company, Surety, Respondents.**

**Nos. 15260, 16057.**

Supreme Court of Idaho.

April 29, 1986.

Bruce S. Bistline (argued) and Amy S. Howe, Boise, for claimant-appellant.

John W. Barrett and Thomas V. Munson, Boise, for respondents.

---

## ON DENIAL OF PETITION FOR REHEARING

SHEPARD, Justice.

1986 Opinion No. 26, issued February 21, 1986, is hereby withdrawn and this opinion is substituted therefor.

This is an appeal from a decision of the Industrial Commission denying a motion by claimant-appellant Vogt to set aside a lump sum settlement agreement. We *affirm*.

Vogt had been employed for several years by Western General Dairies, and in 1978 injured his back while at work. Argonaut Northwest was the surety for Western General Dairies, and paid for Vogt's medical treatment, the ultimate back surgery, and disability benefits. On May 20, 1983, Vogt reported to his employer that he had been struck on the head by a falling box. He declined to see a doctor, and continued his work. Vogt consulted Dr. Garber on July 5, 1983, stating that he had begun to sustain pain over the 4th of July weekend. Vogt now alleges that he began to sustain pain the day following the falling box incident. On July 8, Vogt consulted Dr. Collins, an orthopedic surgeon, following which Vogt was hospitalized and treated with an enzyme injection into the discs at the L4–5 and L5–S1 levels. During that hospitalization Vogt was advised by a member of the hospital staff that worker's compensation insurance would not cover his medical expenses if they were only related to his 1978 back injury. Vogt then informed Dr. Collins of the May 20, 1983 falling box incident.

Vogt was released from the hospital on July 18, 1983, and submitted a Notice of Injury and Claim for Compensation for the May 20 falling box incident. Argonaut, as surety, investigated the claim and interviewed Vogt, the plant manager, another witness, and reviewed the medical reports of Vogt's doctors. The medical records indicated that Vogt's back problems were probably related to the 1978 accident. Argonaut's adjuster contacted Vogt and advised him that she considered the claim questionable and offered to settle for a $5,000.00 lump sum agreement. Vogt discussed the offer with his wife over a weekend and decided to accept. The lump sum settlement agreement was tendered to the Industrial Commission for its approval, which was received on September 1, 1983, and Vogt received the $5,000.00. With some exceptions, all of Vogt's medical bills were paid by the group insurance carrier.

Vogt's doctor released him from treatment as able to return to work, and on or about September 3, 1983, Vogt sought to return to work, but his employer informed him that his work had been unacceptable and he would not be reemployed. Thereafter Vogt requested the commission to set

aside the lump sum settlement agreement on the ground that it had been procured by fraud. Upon the commission's denial of that motion this appeal was filed. The only issue on this appeal is whether the commission erred in refusing to set aside the lump sum settlement agreement, and its holding that the agreement was not procured through fraud.

On appeal Vogt contends that the surety, Argonaut, was derelict in its duty to investigate the claim, fraudulently misrepresented to him that the claim was questionable, fraudulently represented that the medical expenses would be paid, and hence by fraud induced Vogt to enter into the lump sum settlement agreement.

The Industrial Commission made and filed findings of fact and conclusions of law in ruling upon Vogt's motion to set aside the lump sum settlement agreement. If those findings of the commission are supported by substantial competent evidence, they will not be disturbed on appeal. *Nielson v. State Industrial Special Indemnity Fund,* 106 Idaho 878, 684 P.2d 280 (1984); *In re Chavez,* 104 Idaho 279, 658 P.2d 950 (1983). Those findings and conclusions of the Industrial Commission set forth the investigation made by Argonaut, and the representations made, or allegedly made, to Vogt. The commission held that no false representation had been made by the surety or the employer to induce Vogt to enter into the lump sum settlement agreement. The commission held that the surety conducted an investigation and found facts sufficient to make the claim questionable, and that there was no evidence of any concealment of fact or omission of any duty. The commission noted, as also indicated herein, that the only medical evidence at the time of the surety's investigation indicated the probable cause of Vogt's back problems as being the 1978 injury. The commission also noted that Vogt's allegation that Argonaut fraudulently agreed to pay the medical expenses was not credible in light of the face of the lump sum settle-

ment agreement wherein Vogt, in consideration of the $5,000.00 payment, clearly agreed to pay his own medical expenses.

It is sufficient to state that the findings and conclusions of the commission are clearly supported by the evidence.

It was well stated by the commission: "A lump sum settlement agreement under § 72–404 is a compromise of a doubtful case and thus constitutes a full and final settlement of the employee's claim for benefits. While it is arguable that a claimant may have received more had he pursued his claim through a hearing before the commission than he received by way of a lump sum settlement, so also is it arguable that a claimant might have received less or nothing at all. Lump sum settlement agreements are frequently used in doubtful cases where the parties prefer to compromise rather than litigate disputed issues."

We also note, although not raised as an issue on this appeal, that Vogt received $5,000.00 as consideration for a compromise of his claim by way of the lump sum settlement, and evidently seeks to repudiate the agreement but retain the $5,000.00. In view of our disposition of the case, we need not rule on the necessity of a tender when the Industrial Commission is asked to set aside a lump sum settlement agreement.

The decision of the Industrial Commission is affirmed. Costs to respondents.

DONALDSON, C.J., BAKES and HUNTLEY, JJ., and McFADDEN, J. Pro Tem, concur.